UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-730-MOC-DSC

| | |
|---|---|
| ERIC S. ERICKSON, ) | |
| ) | |
| **Plaintiff, pro se,** ) | |
| ) | |
| vs. ) | |
| ) | |
| RAYMOND THROWER, et al., ) | **ORDER** |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, filed by all named Defendants, (Doc. No. 9). Also pending are Defendants' Motion to Dismiss the Original Complaint, (Doc. No. 4), and Plaintiff's pro se Motion to Hear Amended Complaint, (Doc. No. 13), which the Court construes as Plaintiff's response to Defendants' motions to dismiss.

**I.     BACKGROUND**

Plaintiff Eric S. Erickson, a former campus police officer at Defendant Queens University of Charlotte ("Queens"), filed two substantially identical employment discrimination lawsuits against Queens and three of its employees—Lesia G. Finney, Marcella Wallace, and Raymond Thrower (together the "individual Defendants"). Case No. 3:20-cv-665 ("Case 665") was originally filed in this Court, and Case No. 3:20-cv-730 ("Case 730"), the earlier filed action, was removed to this Court.

On December 29, 2020, Defendants moved to dismiss both actions. (Doc. No. 3 in Case 665; Doc. No. 4 in Case 730). On December 30, 2020, Defendants also moved the Court to dismiss Case 665 as duplicative of Case 730 or to consolidate the cases. (Doc. No. 11 in Case

1

665).  On December 30, 2020, the Court entered Roseboro orders in both cases.  (Doc. No. 10 in Case 665; Doc. No. 11 in Case 730).

On January 13, 2021, Plaintiff served on Defendants a motion to amend the complaint with the caption of Case 665 and an amended complaint with the caption of Case 730.  The Court docketed these pleadings as a motion to amend the complaint in Case 665, with the proposed amended complaint attached.  (Doc. No. 13 in Case 665).  In the Amended Complaint, Plaintiff brings the following claims against Defendants: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e et seq., in the forms of disparate impact, hostile work environment, and retaliation; (2) and claims under the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. GEN. STAT. § 143-422.2, based on race-based disparate impact and hostile work environment.

On February 3, 2021, the Court granted Defendants' motion to dismiss Case 665 as duplicative of Case 730.  (Doc. No. 16 in Case 665).  In the order dismissing Case 665, the Court stated that Plaintiff's claims shall proceed in Case 730.  Defendants now move the Court to dismiss the amended complaint in Case 730.

Plaintiff, an African-American male, was employed by Queens as a campus police officer from February 19, 2018 until July 25, 2020, when he resigned his employment.  (Am. Compl. ¶ 5 (Doc. No. 13-1 in Case 665)).  In his amended complaint, Plaintiff alleges that he was subjected to three forms of unlawful discrimination during his employment at Queens.  First, Plaintiff alleges that Queens' "hiring, and promotion practices had an adverse and disproportionate impact" on him because of his race.  (Id. ¶ 54).  Second, Plaintiff alleges that he was subjected to harassment in the form of a hostile work environment because of his race.  (Id. ¶¶ 60-63).  Finally, Plaintiff alleges that he was retaliated against for making "informal and formal

complaints" to Queens "opposing Defendants' unlawful, discriminatory employment practices based on race." (Id. ¶ 73).

In his Amended Complaint, Plaintiff catalogues certain of Queens' campus police department's hiring and promotional decisions in the year after Plaintiff first interviewed for the police officer position. (See id. ¶¶ 18-38). Plaintiff alleges that (1) two people, one Caucasian and one Native American, were hired directly as sergeants (id. ¶¶ 26–28); (2) one Caucasian officer was promoted to sergeant without going through the "Sergeant promotion process" because he threatened to quit if he was not promoted (id. ¶¶ 20–21); and (3) three officers, two African American and one Caucasian, were required to complete a sergeant promotion process to be promoted to sergeant. (Id. ¶¶ 29–38). Of those two African American officers, one received a promotion. (Id. ¶ 31). Plaintiff, the other officer, did not. (Id. ¶ 39).

In support of his claim that he was subjected to a hostile environment because of his race, Plaintiff alleges that he was present when Defendant Marcella Wallace, a sergeant, made two racial jokes on separate days in July 2019. (Id. ¶¶ 41–42). Plaintiff alleges that he reported these jokes to Queens' human resources department, which held a mediation meeting with Plaintiff and Wallace in December 2019. (Id. ¶ 43). Wallace denied making the jokes. (Id.).

Plaintiff claims that he was subjected to three discrete instances of "retaliatory workplace harassment." (Id. ¶ 75). First, Plaintiff alleges that Wallace once incorrectly included him in a student complaint about an officer. (Id. ¶ 45). Wallace and Defendant Lesia Finney, the campus police chief, thereafter closed the complaint against Plaintiff due to a lack of evidence. (Id. ¶ 46).

Second, Plaintiff alleges that Finney once questioned the authenticity of a doctor's note that Plaintiff presented when he had to miss work. (Id. ¶¶ 47-48). Third, Plaintiff alleges that

3

Finney in or around May 2019 ordered Plaintiff to work an additional five hours for a special event even though Plaintiff had just completed a 12-hour shift. (Id. ¶ 51). Plaintiff alleges that on July 25, 2020, he "voluntarily resigned due to the hostile work environment." (Id. ¶ 52).

## II. STANDARD OF REVIEW AND DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded

4

Case 3:20-cv-00730-MOC-DSC   Document 19   Filed 03/02/21   Page 4 of 6

factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss at this time as to the Title VII discrimination claim against Defendant Queens and hold it under consideration pending further development of the record.

Plaintiff's Title VII claims against the individual Defendants, however, will be dismissed because individual supervisors and co-workers cannot be held liable under Title VII. E.g., Brooks v. Arthur, 626 F.3d 194, 203 (4th Cir. 2010) ("Title VII 'forecloses individual liability.'"); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations."); Abeles v. Met. Wash. Airports Auth., 676 F. App'x 170, 177 (4th Cir. 2017) (same); Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 307–08 (4th Cir. 2016) (same).

As to Plaintiff's claims for relief alleging race-based disparate impact and hostile work environment under the NCEEPA, the Court grants the motion to dismiss these claims, as there is no private right of action under the NCEEPA. Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). "While the NCEEPA 'clearly pronounces the State's public policy,' the Act itself amounts to little more than a declarative policy statement that affords plaintiffs no statutory remedies or private causes of action for its violation." Johnson v. North Carolina, 905 F. Supp. 2d 712, 724 (W.D.N.C. 2012). Thus, it provides no cause of action for claims such as "retaliation, hostile work environment, disparate treatment, or constructive discharge in violation of public policy." Jones v. Duke Energy Corp., 43 F. App'x 599, 600 (4th Cir. 2002).

### IV. CONCLUSION

Defendants' motion to dismiss the Amended Complaint is denied as to Plaintiff's Title

VII discrimination claims against Queens, pending further development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions. The Court grants the motion as to Plaintiff's NCEEPA claims and as to Plaintiff's Title VII claims against the individual Defendants. The individual Defendants are therefore dismissed from this action.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss, (Doc. No. 9), is **GRANTED** in part and **DENIED** in part.

2. Furthermore, Defendants' Motion to Dismiss the Original Complaint, (Doc. No. 4), is **DENIED** as moot, and the Clerk is respectfully instructed to terminate this motion.

3. Plaintiff's Pro Se Motion to Hear Amended Complaint, (Doc. No. 13), shall be terminated as a pending motion, as the Court has construed it as Plaintiff's response to the motion to dismiss.

Signed: March 2, 2021

Max O. Cogburn Jr
United States District Judge